Rhinelander Waldo, as Police Commissioner, etc.

PER CURIAM. The motion was granted as to the determination upon the facts, but not to change the statement as to Mr. Justice Carr. See Warn v. N. Y. C. & H. R. R. Co., 163 N. Y. 525, 57 N. E. 742; Wangner v. Grimm, 169 N. Y. 421, 427, 62 N. E. 569. See, also, 151 N. Y. Supp. 1138.

PEOPLE ex rel. MULDOON, Relator, v. WALDO, Police Com'r, Respondent. (Supreme Court, Appellate Division, Second Department. January 15, 1915.) Proceeding by the People of the State of New York, on the relation of Anthony F. Muldoon, against Rhinelander Waldo, as Police Commissioner of the City of New York.

PER CURIAM. Determination annulled, and writ sustained, with $50 costs and disbursements. There is no evidence of any neglect of duty.

BURR and THOMAS, JJ., vote to confirm.

PEOPLE ex rel. NOBLE v. ROMSEN et al., Board of Water Com'rs, Respondents. (Supreme Court, Appellate Division, Second Department. January 8, 1915.) Proceeding by the People of the State of New York, on the relation of Franklin P. Noble, against John F. Romsen and others, constituting the Board of Water Commissioners of the Roslyn Water District, etc.

PER CURIAM. Motions in so far as they seek a reargument denied. Motions in so far as they seek leave to appeal to the Court of Appeals denied. Motions to resettle granted, and orders amended, so that it shall appear that the decisions were as a matter of law, and not as a matter of discretion. Settle order on notice before Mr. Justice RICH.

PEOPLE ex rel. O'FARRELL v. WALDO, Police Com'r. (Supreme Court, Appellate Division, First Department. January 29, 1915.) Proceeding by the People of the State of New York, on the relation of Valerian J. O'Farrell, against Rhinelander Waldo, as Police Commissioner, etc. No opinion. Motion to dismiss writ granted, with $10 costs. Order filed.

PEOPLE ex rel. PAIGE, Relator, v. WALDO, Police Com'r, Respondent. (Supreme Court, Appellate Division, Second Department. January 15, 1915.) Proceeding by the People of the State of New York, on the relation of George F. Paige, against Rhinelander Waldo, as Police Commissioner of the City of New York. No opinion. Determination confirmed, and writ dismissed, with $50 costs and disbursements.

PEOPLE ex rel. RILEY, Respondent, v. STEERS, Borough President, Appellant. (Supreme Court, Appellate Division, Second Department. January 22, 1915.) Proceeding by the People of the State of New York, on the relation of George Riley, against Alfred E. Steers, as President of the Borough of Brooklyn. No opinion. Orders affirmed, with costs.

PEOPLE ex rel. RODRIGUES v. WOODS. (Supreme Court, Appellate Division, First Department. January 15, 1915.) Proceeding by the People of the State of New York, on the relation of Jas. E. C. Rodrigues, against Arthur Woods, as Commissioner. No opinion. Motion granted, with $10 costs. Order filed.

PEOPLE ex rel. RUDD, Appellant, v. CROPSEY, Dist. Atty., Respondent. (Supreme Court, Appellate Division, Second Department. December 24, 1914.) Proceeding by the People of the State of New York, on the relation of Stephen A. Rudd, against James C. Cropsey, as District Attorney of the County of Kings.

PER CURIAM. Final order affirmed, with $10 costs and disbursements. See, also, 163 App. Div. 910, 147 N. Y. Supp. 1135.

CARR, J., not voting.

PEOPLE ex rel. TAYLOR v. WALDO, Police Com'r. (Supreme Court, Appellate Division, Second Department. December 31, 1914.) Proceeding by the People of the State of New York, on the relation of John M. Taylor, against Rhinelander Waldo, as Police Commissioner of the City of New York. No opinion. Determination confirmed, and writ dismissed, with $50 costs and disbursements.

PEOPLE ex rel. WHITE, Respondent, v. PRENDERGAST, Comptroller, et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 8, 1915.) Proceeding by the People of the State of New York, on the relation of Charles F. White, against William A. Prendergast, as Comptroller, etc., and another. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. WINTERS v. EATON et al. (Supreme Court, Appellate Division, Third Department. January 15, 1915.) Proceeding by the People of the State of New York, on the relation of Bryan L. Winters, against Edward W. Eaton and others, individually and as members of the Board of Supervisors in and for the County of Tioga, and Fred G. Horton, Clerk of said Board of Supervisors. No opinion. Motion denied, on the ground that the court has no jurisdiction to grant the writ asked for.

PEOPLE'S NAT. BANK OF BROOKLYN, IN NEW YORK, Respondent, v. MANNESCHMIDT, Appellant, et al. (Supreme Court, Appellate Division, Second Department. January 29, 1915.) Action by the People's National Bank of Brooklyn, in New York, against Lucia H. Manneschmidt and Jacob Manneschmidt, Jr. No opinion. Judgment affirmed, with costs.

In re PEOPLE'S TRUST CO. (Supreme Court, Appellate Division, Second Department. December 24, 1914.) Appeal from Surrogate's

Court, Kings County. Judicial settlement of the account of the People's Trust Company, one of the executors of William C. Roberts, deceased. From part of a decree of the Kings County Surrogate's Court settling the account (79 Misc. Rep. 595, 141 N. Y. Supp. 201), George S. Hice, one of the executors, appeals. Reversed. Edmund L. Mooney, of New York City (Frederick A. Card, of New York City, on the brief), for appellant. James M. Gray, of Brooklyn, for respondents.

PER CURIAM. The evidence shows with requisite clearness that Roberts, fully competent to do so, executed the paper at its date, whereby the shares of stock were transferred to Hice upon a condition since performed. The instrument itself, bearing the genuine signature of Roberts, speaks strongly for its own validity, while the testimony of Barnes, McNeil, and Baker forcefully confirm it. The statements of other witnesses, and, above all, the recital in the instrument of a note not then existing, which either then or later was drawn in a different form—the form in which Roberts and Hice desired it to be—and which was not changed to coincide with the recital earlier than January 18th, as shown by Hice's letter of that date and of the day following, bring to our attention matters of grave import, and have been studied and weighed. But the explanation by Hice in association with the transfer itself, and the supporting evidence of men whose testimony indicates fairness and moderation, leave the case free from the doubt that would require a rejection of the claim. The decree of the surrogate should be reversed, without costs, and judgment entered for the claimant, in accordance with the findings as amended in this court. The seventh, eighth, ninth, and tenth findings of fact, and third conclusion of law, are reversed. Findings of fact proposed by George S. Hice, Nos. 1, 2, 3, 4, 5, 6, 7, 13, 14, 19, 20, 21, 22, 23, and 32, and conclusions of law Nos. 1 and 2, are found.

---

PERRON, Respondent, v. PERRON, Appellant. (Supreme Court, Appellate Division, First Department. February 26, 1915.) Action by Mary F. Perron against Joseph N. Perron. R. A. Inch, of New York City, for appellant. H. A. Heydt, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

PERRY, Respondent, v. BARRETT MFG. CO., Appellant, et al. (Supreme Court, Appellate Division, Second Department. December 31, 1914.) Action by Eugene A. Perry against the Barrett Manufacturing Company and others. No opinion. Order reversed, without costs, and matter remitted to the Special Term to pass upon that part of the motion which seeks to make the answer more definite and certain.

---

PETEKOFSKY, Respondent, v. PELLISSIER et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 15, 1915.) Action by Sarah Petekofsky against Anthony Pellissier and others.

PER CURIAM. Judgment modified, upon questions of fact as well as of law, by striking therefrom so much thereof as enjoins defendants from permitting their premises and buildings so to be used that loud and disturbing noises proceed therefrom, and by striking from said judgment that portion thereof which awards to plaintiff the sum of $240 for rental damages, and, as so modified, judgment affirmed, without costs. The twentieth and twenty-eighth finding of fact are reversed and set aside, upon the grounds that said findings, and each of them, are unsupported by the evidence, and are contrary to said evidence and the weight thereof.

---

PFEIFFER, Appellant, v. IRON ELEVATOR & TRANSFER CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 27, 1915.) Action by Ida Pfeiffer, as administratrix, etc., against the Iron Elevator & Transfer Company. No opinion. Motion for leave to appeal (from 164 App. Div. 966, 149 N. Y. Supp. 1106) to Court of Appeals denied, with $10 costs.

---

PHILLIPS, Appellant, v. CROSSTOWN ST. RY. CO. OF BUFFALO et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. March 3, 1915.) Action by Margaret E. Phillips, as administratrix, etc., against the Crosstown Street Railway Company of Buffalo and another.

PER CURIAM. Judgment and order affirmed, with costs.

KRUSE, P. J., and ROBSON, J., dissent. See decision in same case on former appeal, reported in 157 App. Div. 876, 143 N. Y. Supp. 183.

---

PHILLIPS, Appellant, v. FLAGLER et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. January 6, 1915.) Action by William E. Phillips against Lydia C. Flagler and others. No opinion. For opinion below, see 82 Misc. Rep. 500, 143 N. Y. Supp. 798. Judgment affirmed, with costs.

---

In re PHIPPS' ESTATE. (Supreme Court, Appellate Division, Fourth Department. January 29, 1915.) In the matter of the estate of William W. Phipps, deceased.

PER CURIAM. Decree modified, so as to construe the will to include in the homestead the tenant place, so called, and, as so modified, affirmed, with costs to all parties payable out of the estate.

ROBSON and FOOTE, JJ., dissent, and vote for affirmance.

---

PINTLER, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 3, 1915.) Action by Hattie J. Pintler against the New York Central & Hudson River Railroad Company. No opinion. Judgment affirmed, with costs.